IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TRANSMONTAIGNE PRODUCT
SERVICES INC.,

    Plaintiff,

v.                                               Civil Action No. 3:08cv434/LAC/MD

McCOMBS ENTERPRISES, LLC,
ROGER McCOMBS, and TIMOTHY
D. TINDLE,

    Defendants.
_____

## **ORDER**

Before the Court is Defendant Timothy D. Tindle's amended motion for relief from default judgment (doc. 18) pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. Plaintiff has responded in opposition to the motion (doc. 19).

The instant civil complaint is for damages related to a purchase by Defendants for gasoline supplied by Plaintiff. Plaintiff alleges that Defendants have failed to pay for gasoline delivered to Defendants pursuant to the contractual arrangements.

On October 16, 2008, Defendant Tindle was served with a copy of the complaint. When Defendant failed to respond to the complaint, Plaintiff moved for an entry of default, which the Clerk entered on November 10, 2008. On November 13, 2008, Plaintiff moved for default judgment, which the Court granted on January 16, 2009, awarding Plaintiff damages in the amount of $367, 709.22 pursuant to the contractual sale of gasoline. On

February 19, 2009, Defendant filed a motion to set aside the default judgment, and then one week later filed an amended motion.[1]

The law generally favors judgment on the merits, and courts therefore disfavor rulings of default. *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *Varnes v. Local 91, Glass Bottle Blowers Association*, 674 F.2d 1365, 1369 (11th Cir. 1982). The Court may set aside a default judgment upon a showing of mistake, inadvertence, surprise or excusable neglect. FED.R.CIV.P. 60(b). In determining whether this standard is met, the Court analyzes 1) whether the moving party has presented a meritorious defense, 2) whether setting aside the entry of default would prejudice the opposing party, and 3) whether good reason existed for failing to respond to the complaint. *Valdez v. Feltman*, 328 F.3d 1291, 1295 (11th Cir. 2003).

As it concerns the first factor, Defendant offers only the singular statement that he feels he has viable defenses to Plaintiff's claims. The moving party must make an affirmative showing of a defense that is likely to be successful; general denials of the case are insufficient. *Id.* at 1296. Frankly, Plaintiff's efforts in this area fall far short of the mark, leaving the Court no other option than to hold that there is no viable defense.

Regarding the second factor, Plaintiff indicates that prejudice would follow should the motion be granted because there are other lawsuits filed against Defendant, and Plaintiff

---

[1] Defendant amended his motion after the Court rejected the initial motion because of Defendant's failure, pursuant to local rule, to first consult with the opposing party in an effort to resolve the issues presented in the motion.

might lose its priority in collecting against Defendant.  Plaintiff meanwhile states, again in conclusory fashion, that there would be no prejudice.  Because the burden of proof is on Defendant to show a lack of prejudice, the Court finds this factor to weigh in Plaintiff's favor as well.

Finally, the third factor tilts in Plaintiff's direction as well.  As Defendant recounts, after the company was served with the complaint, an employee called the company's legal counsel to inform him of the lawsuit and advise him that he would be sending the complaint to him via electronic mail.  Defendant's counsel states that he never received the complaint, and therefore no responsive pleading was filed.  No action was taken until after Plaintiff notified Defendant of the default judgment via letter dated January 21, 2009, and even then Defendant and/or counsel remained silent for nearly a month before filing the instant motion on February 19, 2009.

The Court acknowledges that ordinarily a simple error or an attorney's slight mistake should not be grounds for preventing Defendant from defending this case on the merits, nor should Defendant have to suffer because his attorney makes such a mistake.  *See Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986); *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980).  However, the Court should be reluctant to grant Rule 60(b)(1) relief based simply on claims of attorney error, and this is especially so when the party fails in his duty to monitor the progress of the case.  *S.E.C. v. Simmons*, 241 Fed.Appx. 660, 663-64 (11th Cir. 2007); *Ehlers*, 8 F.3d at 784; *Solaroll Shade*,

803 F.2d at 1133. A party should "establish minimum procedural safeguards for determining that action in response to a summons and complaint is being taken." *Ehlers*, 8 F.3d at 784. Furthermore, "an inexplicable delay in filing a motion to vacate after learning of a default judgment precludes relief under 60(b)(1)." *Simmons*, 241 Fed.Appx. at 64 (collecting cases).

As seen in this case, neither Defendant nor his attorney did anything to follow up on this case once the initial referral to counsel was made. While Defendant may point to a clerical error or computer-driven failure as the instigator of the default, the fact remains that, while all concerned had knowledge of the lawsuit and the need to respond, the case was allowed to languish for over three months. Moreover, the delay continued for nearly a month after Defendant was notified of the default. This is the very sort of lack of diligence that the cited cases condemn.

As the Court finds all three factors to weigh against removing the default, the motion for relief is due to be denied.

The Court's ruling in this matter may be summarized as follows, and **IT IS HEREBY ORDERED:**

Defendant Timothy D. Tindle's amended motion for relief from default judgment (doc. 18) is **DENIED.**

**ORDERED** on this 20th day of April, 2009.

                                                  s/*L.A. Collier*
                                                   Lacey A. Collier
                                         Senior United States District Judge